THE INHABITANTS OF THE TOWNSHIP OF ORVIL, IN THE COUNTY OF BERGEN, PLAINTIFF BELOW, PLAINTIFF IN ERROR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF WOODCLIFF, DEFENDANT BELOW, DEFENDANT IN ERROR.

Submitted December 12, 1899—Decided March 5, 1900.

1. A statute which imposes upon a borough a proportionate part of the liabilities of the township from which it has been set off, and assigns to it a proportionate part of the assets of such township, is valid, although not enacted until after the formation of the borough, and although it be retroactive in its effect.

2. If the intention of the legislature in a statute can be ascertained with reasonable certainty, words may be altered or supplied in the statute so as to give it effect, and to avoid any repugnancy or inconsistency with such intention.

3. The word "township" in the proviso of the second section of an act entitled "An act to provide for the division of assets and liabilities of townships, between such townships and any borough or boroughs set off from the same" (*Pamph. L.* 1896, *p.* 270), must, in consideration of the whole act, be construed to mean "township committee," and the word "committee" can be inserted after the word "township" to give effect to the intention of the legislature.

On error to the Supreme Court.    For opinion of the Supreme Court, see 32 *Vroom* 107.

For the plaintiff in error, *Jacob W. De Yoe.*

For the defendant in error, *Miller & Meyers.*

The opinion of the court was delivered by

LIPPINCOTT, J.    This case was certified by the Bergen Circuit Court into the Supreme Court for an advisory opinion as to what judgment should be rendered upon the state of the facts so certified.    The Supreme Court advised that judgment be entered for the defendant, and the plaintiff has assigned error upon the advisory opinion.

The action was brought by the inhabitants of the township of Orvil against the mayor and council of the borough of Woodcliff, to compel it to pay a portion of the indebtedness of the township of Orvil, as it was constituted before the borough was created, partly out of the township. The amount against the borough was duly ascertained under an act of the legislature entitled "An act to provide for the division of assets and liabilities of townships, between such townships and any borough or boroughs set off from the same." *Pamph. L.* 1896, *p.* 270. This action depends upon this statute for its support.

The borough was formed in August, 1894, under the "Act for the formation of borough governments," passed April 5th, 1878 (*Pamph. L., p.* 403), and at the time of such formation of the borough, which included a part of the township, no legislation existed for apportioning to the borough its share of the assets and liabilities of such township. The act of April 6th, 1896, to which reference has been made, was made retroactive by its express provisions. If the statute be a valid and applicable statute, then the plaintiff in this action, under the statement of facts certified into the Supreme Court, was entitled to recover the amount for which the action was brought by the township against the borough upon the apportionment as stated.

The objections to this statute, under the assignments of error, are of a twofold character. First, it is contended that the statute is unconstitutional, and secondly that, according to its provisions, it is not effective in other respects to support this action.

The facts, from the certified case, so far as reference is needed, are fully stated in the opinion of the Supreme Court in *Orvil* v. *Woodcliff*, 32 *Vroom* 107, and need not be repeated.

The act was declared by the Supreme Court to be constitutional, and this conclusion, as well as the reasons given for it in the opinion below, is fully approved.

The statute, therefore, supports the action if it be found

that it is effective and applicable to the facts of the case as certified. The defendant contends that, by a proper construction, the division and apportionment has not been approved as directed by the act, and this contention was upheld by the Supreme Court, and therefore judgment for the defendant was advised.

In this it is concluded there was error.

The apportionment of the assets and liabilities of the former township and the borough was approved only by a majority of the township committee in so far as the township was concerned in the approval, and the point is made that this was not a compliance with the act of April 16th, 1896, and so gives to the plaintiff no right to recover against the defendant.

The act of 1896, after providing the method by which the apportionment shall be made and for the determination, enacts, by a proviso in the second section, " that no such division and apportionment shall be valid unless the same shall be approved by a majority of either of the said *township* or of the mayor and council." This proviso, it is contended by the plaintiff and as held by the opinion below, has no reference at all to the township committee ; that the clause of the act which provides for the validity by the approval " of the township" can be given no meaning at all, or if it be given a meaning it is that the division and apportionment shall only be valid when approved by a majority of the inhabitants or voters of the township.

Now, the fundamental principle is that the object of all judicial interpretation of a statute is to determine what intention is conveyed by the language used therein so far as it is necessary for determining whether the particular case or state of facts presented fall within it. When the intention is expressed the question is one of verbal construction only, but if the language be not express and some intention must necessarily be imputed, then it must be determined by inference grounded on legal principles, one of which is that the legislature must have entertained some intention and the inter-

preter must determine what it was, unless it be that the statute lacks the formal requisite needed in order to give it the effect of a law. It is the true sense of the form of words which are used which is to be discovered by the interpretation or construction of the statute, taking all its parts into consideration, and if fairly possible, giving them all effect. Speaking more concretely, when the intention can be ascertained with reasonable certainty words may be altered or supplied in the statute so as to give it effect and to avoid any repugnancy to or inconsistency with such intention. 23 *Am. & Eng. Encycl. L.* 419; *Lane* v. *Schomp,* 5 *C. E. Gr.* 82; *Endlich Int. Stat.,* §§ 378, 379, 380, 381, 416.

In the construction of this statute, so far as is necessary to determine the meaning of the word " township " as used in this connection, recourse can be had to the whole or any part of the enactment.

The first section of this act provides that the " township committee " of such township and the mayor and council of such borough may effect the apportionment or division by agreement, signed by the " township committee or a majority of them," and executed by the mayor and council of such borough, and such apportionment, evidenced by such agreement, stands ratified, validated and confirmed.

The second section, in which the disputed proviso is contained, provides that if the division or apportionment shall not be effected as in the first section set forth, then, in such case, a majority of the " township committee," or a majority of such mayor and council, may appoint a time and place of meeting of such committee and such mayor and council, for the purpose of effecting such division or apportionment, and serve ten days' notice upon the other of such bodies of the time and place appointed, and then, at the time and place appointed, the " township committee and the said mayor and council, or such of them as may attend," shall forthwith proceed to make the apportionment between the township and the borough of the assets and the liabilities in proportion to

the assessed valuation of real and personal property within the limits of such township and borough respectively.

This apportionment or division can be made by those of the township committee of the township and the mayor and council of the borough, who may attend, whether it be a majority of them or of either body, or not. This is clear by this express language of the statute and by the proviso which immediately follows.

Then follows the proviso, " that no such division or apportionment shall be valid unless the same shall be approved by a majority either of said township or of the said mayor and council," and again, and immediately following this proviso, it is enacted that " such division and apportionment shall at the time and place so appointed be set forth in writing and signed by those present or a majority of them, and a copy thereof filed with the clerk of the township and the clerk of the borough respectively, and thereupon such division and apportionment shall be valid," and imposes upon the officers of the township and the borough to execute and carry out the same, and thereupon such borough shall be liable for the share of the township indebtedness so apportioned to the borough, and shall have the right to the share of the property by such division allotted to such borough.

In view of these provisions it cannot be contended that any other body should intervene between the final acts of the township committee and the mayor and council of the borough, and the validity of the division and apportionment such as the inhabitants of the township assembled in town meeting or voting by ballot. However ineffective the act may be without it, an expression of the will of the people in such a manner is not provided for by this act, and without such provision an election either by town meeting or ballot could not be held.

It would seem clear from the whole act what meaning should be given to the word " township " in this proviso. It is evident from these other parts of the act to which reference has been made that the power of the approval was not in-

tended to be conferred upon the voters of the township, but upon that governing body which generally conducts its affairs either under the statute or by the authority conferred at the annual town meetings or municipal elections. The township committee is this body, and the clause of the statute which immediately follows the proviso expressly enacts that the division or apportionment when made, as provided in that part of the section which precedes the proviso, and set forth in writing and signed by a majority of " those present," shall constitute a valid apportionment so soon as filed with the proper officials of the township and borough. A majority of both bodies, so far as the approval is concerned, it will be seen, is not required. In every other part of the statute in which a power or duty is to be exercised, it is to be exercised by the township committee or a majority of them, and by the mayor and council or a majority of them, or by either of these bodies or a majority of its members ; and upon no other body or bodies is any power conferred or duties imposed, and the collocation of words and phrases throughout the act, without any exception, it seems to me, must be considered as giving a clear and definite meaning to the word " township " in the proviso. I think it is clear that it was intended to confer this power of approval upon the governing body—that is, upon the committee of the township, and not upon the majority of the voters thereof—and that, therefore, it is entirely within the judicial power to supply such words in the enactment as will effectuate that intention. The intention of the legislature being ascertained with reasonable certainty, words may be supplied in the statute so as to give it effect and avoid any repugnancy or inconsistency with such intention. *Kennedy* v. *Gibson*, 8 *Wall.* 498 ; *Fury* v. *Gravesend Township*, 104 *N. Y.* 405, 410.

In the case of *French* v. *East Orange*, 20 *Vroom* 401, 402, the word " township," standing in the act of the legislature, literally construed, conferred no power because the authority to lay out and open streets was possessed by the township committee, but it was held, in order to give effect to the

intention of the act, that the township committee could stand for the township in that respect, and the word "committee" was supplied by judicial interpretation and construction.

The conclusion reached is that the township committee was intended where the word "township" was used in the proviso of the second section of the act, and that the word "committee" should be so interpolated in order to give effect to the clear intention of the act.

The judgment of the Supreme Court must be reversed and the Circuit Court advised to render judgment for the plaintiff.

*For affirmance*—None.

*For reversal*—DIXON, GARRISON, LIPPINCOTT, LUDLOW, COLLINS, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH. 10.