## The Inhabitants of the Township of Lodi

### *v.*

## The Hackensack Improvement Commission et al.

[Filed June 28th, 1900.]

A borough which was set off from a township is not liable for the previously-contracted debts of such township, under *P. L. of 1896 p. 270,* providing a mode of equitable apportionment of the indebtedness and assets on the setting off of such township.

*Mr. Ernest Koester,* for the complainant.

*Mr. John M. Bell,* for the borough of Lodi.

*Mr. Luther A. Campbell,* for the borough of Hasbrouck Heights.

*Mr. Cornelius W. Berdan,* for the borough of Little Ferry.

Stevens, V. C.

The complainant alleges in its bill that it is indebted to one Burke, who has recovered judgment against it for $1,167.54,

and that the boroughs which were set off from complainant after the liability was incurred, are liable in equity to contribute to the payment of this judgment. The claim cannot be sustained. There is no contract to pay alleged; there is no implied *assumpsit;* for the money paid by Burke was paid by him for the use of the complainant, before the defendants had come into existence. And the claim is not grounded on any principle of justice which has been sanctioned by the courts.

Where there is no legislation on the subject, says Mr. Justice Clifford in *Mount Pleasant* v. *Beckwith, 100 U. S. 525,* "in case of division, the old corporation owns all the public property within her new limits, and is responsible for all the debts of the corporation contracted before the act of separation was passed. Debts previously contracted must be paid entirely by the old corporation." *Dill. Mun. Corp. (4th ed.)* § *188.* So that even if there had been no provision for apportionment, the bill could not have been sustained. But, in point of fact, the legislature has, by act of April 16th, 1896 (*P. L. of 1896 p. 270*), provided for the division of assets and liability in the mode therein prescribed, and this act has been declared effective. *Inhabitants of Orvil Township* v. *Woodcliff, 35 Vr. 286.* There is therefore not any reason whatever for coming into a court of equity.

The bill should be dismissed.