## CAROLINE SOLATINOW v. JERSEY CITY, HOBOKEN AND PATERSON STREET RAILWAY COMPANY.

### Argued June 2, 1903—Decided November 9, 1903.

1. When a person drives upon a trolley track, and comes in collision with a car, in order to charge the trolley company with negligence he must show that the motorman, by the exercise of due care, could have avoided the injury to him.

2. If a person drives upon a trolley track without exercising reasonable observation to ascertain whether there is danger from an approaching car, he is guilty of contributory negligence.

---

On appeal from the District Court of the city of Paterson.

Before Justices VAN SYCKEL and FORT.

For the plaintiff, *Edward F. Merrey.*

For the defendant, *William B. Gourley.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This suit was instituted in the District Court of the city of Paterson by Caroline Solatinow to recover damages to her person and to her property by the

collision of the wagon in which she was riding with the electric car of the defendant company. On the trial below a verdict was found for the plaintiff for $120.

The state of the case shows that the plaintiff was engaged in the business of market gardening, selling her produce to customers in the city of Paterson.

That on the day of the alleged injury her horse and wagon were standing near the curb on the westerly side of Main street, facing in a southerly direction towards the city of Passaic; that her wagon had a covering on the sides, top and back, and she could not put her head out to look to the right or left without leaving her seat because of the construction of her wagon.

The curb line is distant twelve feet nine inches from the nearest rail of the defendant's track, and the distance between the rails is four feet eight and one-half inches.

After the plaintiff had entered her wagon from the sidewalk, the wagon standing alongside the curb, she was desirous of turning around in the street to go north; she waited for a northbound car to pass and then started to turn her horse around in the ordinary way as to speed, and for this purpose going a little to the south as she turned, and then went directly (eastward) across the westerly track; when the horse's feet had cleared the westerly track a car of the defendant going south on said westerly track ran against and struck the wagon on the left hind wheel, overturning the wagon and throwing the plaintiff to the ground; that the plaintiff did not, after entering her wagon, look in a northerly direction, and that she did not hear any gong sounded or noise of an approaching car.

The defendant moved, in the District Court, to nonsuit the plaintiff, for two reasons:

*First.* Because no negligence was shown on the part of the defendant.

*Second.* Because the plaintiff was guilty of contributory negligence.

This motion was refused, and the refusal is the error in law upon which the defendant relies to sustain its appeal.

The burden was upon the plaintiff to prove actionable negligence on the part of the defendant company. I find nothing in the statement of the facts which shows any want of due care on the part of the company. The plaintiff was driving in a southerly direction, on Main street, just before she turned to cross the westerly car track, and the motor-man, if he saw her, would have had no reason to suppose that she intended to turn upon and attempt to cross the track on which he was running his car. When she turned suddenly upon the car track the car must have been very close to the point on which she drove, and the inference cannot be drawn that the motorman was guilty of negligence in failing to avoid a collision.

The plaintiff, also, was guilty of contributory negligence in failing to look for the approach of a car. *Hannon* v. *North Jersey Street Railway Co.,* 36 *Vroom* 547; *Jewett* v. *Paterson Railway Co.,* 33 *Id.* 425; *North Hudson Railway Co.* v. *Flanagan,* 28 *Id.* 696; *Fitzhenry* v. *Consolidated Traction Co.,* 35 *Id.* 674; *McHugh* v. *North Jersey Street Railway Co.,* 46 *Atl. Rep.* 782.

In the case of Adams *v.* Camden and Suburban Railway Company, the plaintiff was driving on the car track ahead of the trolley car and in the same direction, and in that case the Court of Errors and Appeals held that it was the duty of the motorman to use reasonable care to observe any vehicle ahead of him and to govern his car so as to prevent collision.

That rule has no application to this case.

The judgment of the District Court is reversed.