(77 South. 553)

LOUISVILLE & N. R. CO. v. NEWELL.

(6 Div. 536.)

(Supreme Court of Alabama. June 7, 1917. Rehearing Denied Dec. 24, 1917.)

1. CARRIERS ☞189 — FREIGHT TARIFFS — CLASSIFICATION.

A tank wagon necessary to use with a traction engine and shipped with the engine, both set up, should be shipped under the same classification as the engine, and it is immaterial that it was not actually attached to the engine during its course of shipment, nor that each could be used without the other, or that there was a tank on the engine itself of a limited capacity.

2. CARRIERS ☞189 — FREIGHT TARIFFS — CLASSIFICATION—CONDUCT OF PARTIES.

That all parties to a shipment considered a tank wagon as part of a traction engine, and so treated it, may be considered in determining the proper classification of the tank in regard to freight rates, although such would not control if the classification was clearly unlawful.

Somerville, Sayre, and Gardner, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; J. E. Blackwood, Judge.

Action by the Louisville & Nashville Railroad Company against A. T. Newell, to recover freight charges. Judgment for defendant, and plaintiff appeals. Transferred from the Court of Appeals under Act of April 18, 1911, p. 449, § 6. Affirmed.

The action was on the common counts, and a special count claiming $56.31 for a balance due of freight charges upon the transportation from Columbus, Ind., to Birmingham, Ala., of one traction engine, two box fixtures, one water tank, two wheels, one box headlights, and one tank wagon set up with pole detachments. The traction engine had a small tank holding 100 gallons attached to the engine. The tank wagon was entirely separate and apart from the traction engine, and could be drawn by the tractor, or by a team hitched to the pole. It could be used for holding water, or other supplies for the engine. The engine could be used without the tank wagon, but its own water supply would last only two or three hours. Defendant testified that the tank wagon was related to the tractor as a tender is to a locomotive, and that this tractor took up the water from the tender or tank wagon by a hose connected therewith. It is agreed that the question at issue is one of classification only. If the entire shipment in fact consisted of the traction engine, the entire freight charges have been paid. If, on the other hand, it consisted of a tank wagon set up, and a traction engine, a balance of $59.91 was due for the transportation of said shipment, and has never paid, and became due September 29, 1909. Plaintiff's classification of this freight, which governed this case is: First, traction engines, or other portable engines, mounted on wheels in straight or mixed carloads * * * sixth class; second, tank wagons set up, less than carload, double first class.

Tillman, Bradley & Morrow and John S. Stone, of Birmingham, for appellant. Frank S. White & Sons, of Birmingham, for appellee.

MAYFIELD, J. [1] The majority of the court hold that the judgment should be affirmed. We are of the opinion that the tank wagon was properly classed for shipment as a part or appendage of the traction engine. If the tank wagon had been shipped separately, and not as a part of the traction engine, then the rate thereon would have been "double first class" and not "sixth class." The evidence shows that the tank wagon was a necessary part of the traction engine, if used in the country, where no water tanks or standpipes are available for purpose of furnishing water to the engine. The mere fact that it was not actually attached to the engine during its course of shipment, as it would be when both were used together, nor the fact that each could be used without the other, does not, in our judgment, furnish sufficient basis for making a separate classification for each.

[2] That all parties to the shipment considered the tank a part of the engine, and so treated it, is made to appear. While this would not control if the classification was clearly unlawful, yet if the classification be doubtful, we may look to the conduct and dealings of the parties to the shipment in determining the proper classification.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur. SAYRE, SOMERVILLE, and GARDNER, JJ., dissent.

SOMERVILLE, J. (dissenting). I am of the opinion that the tank wagon and pole which formed a part of this shipment cannot be regarded as a part of the traction engine in such sense as to authorize the classification of the shipment under that of "traction engines."

The engine is complete in itself, and can be used without such an appendage, however convenient and desirable the latter may be for some of the uses to which the engine may be put. So, manifestly, the "tank wagon" is complete in itself, and can be used, and is designed to be used, separate and apart from the engine.

On the undisputed facts I am constrained to conclude that plaintiff is entitled to recover the sum claimed for freight charges under a proper classification of the shipment.

SAYRE and GARDNER, JJ., concur in this dissent.