JOE HAWORTH v. L. F. CHAPMAN, Superintendent, State Prison.

152 So. 663.

En Banc.

Opinion Filed June 8, 1933.

Petition for Rehearing Denied January 25, 1934.

592

*J. V. Walton* and *H. A. Henderson,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

LOVE, Circuit Judge.—In response to a writ of habeas corpus issued by this Court, the return shows the petitioner is held in custody under a conviction, for violating Section 1, Chapter 8466, Acts of 1921, Secs. 7308-9-10, C. G. L., and a judgment and sentence to "pay costs of prosecution and be imprisoned for seven years in the State Penitentiary from the date of your delivery to the officers thereof, upon failure to pay costs an additional six months' sentence is imposed."

The statute under which the petitioner was convicted and sentenced is as follows:

## "CHAPTER 8466—(No. 71.)

"An Act Relating to Fraud or the Attempt to Defraud by Assuming to Have or Be Able to Obtain Certain Information Whether the Same Exists or Not; To Prescribe Certain Evidence, and to Provide Penalties for the Violation of this Act.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF FLORIDA:

"Section 1.   That on and after the passage and approval of this Act it shall be unlawful for any person or persons to defraud or attempt to defraud any individual or individuals out of any thing of value, by assuming to have or be able to obtain any secret, advance or inside information regarding, any person, transaction, act or thing, whether such person, transaction, act or thing exists or not.

"Section 2.   Any person or persons guilty of violating the provisions of Section 1 of this Act shall be deemed guilty of a felony and, upon conviction thereof, shall be fined not more than Ten Thousand ($10,000.00) Dollars and ten years in the State Penitentiary.

"Section 3.   All paraphernalia of whatsoever kind in

possession of and used in defrauding or attempting to defraud as specified in Section 1 of this Act shall be held and accepted by any Court of Jurisdiction in this State as *prima facie* evidence of guilt.

"Section 4. This Act shall take effect upon its becoming a law.

"Approved June 14, 1921."

It is contended on behalf of the petitioner that the penalty provided in Section 2 of the Act for its violation, viz.: that the offender "shall be fined not more than Ten Thousand ($10,000.00) Dollars and ten years in the State Penitentiary" is so indefinite and uncertain as to render the Act void, in that considered with its context such quoted part of the Act does not authorize the imposition of a fine as the sole penalty for its violation, and further in that it does not authorize by express words, *imprisonment* in the State Penitentiary, it fails to constitute its violation a felony; and further that said quoted part of Section 2 is such an inseparable integral part of the interdependent provisions of the Act, that the quoted provision, being uncertain and indefinite, is in whole or in part inoperative, if it does not render the entire Act ineffectual to authorize the imposition of any sentence, either of fine or imprisonment.

It is a well settled rule that the intent of a valid statute is the law, and this is to be ascertained by a consideration of the language of the enactment. The purpose to be accomplished within constitutional limitations is to be considered as controlling and effect given to the Act as a consistent and harmonious whole.

State *ex rel.* v. Knight, 98 Fla. 891, 124 So. 461; Amos v. Conkling, 99 Fla. 206, 126 So. 283; Curry v. Lehman, 55 Fla. 847, 47 So. 18.

Thus the fundamental principle in the judicial interpretation of a statute is that the object is to determine what

intention is conveyed by the language used therein. The rule is well and aptly stated in Orvil v. Woodcliff, 64 N. J. L. 286, 45 Atl. 686, as follows: "Where the intention is expressed, the question is one of verbal construction only; but if the language be not express and some intention must necessarily be imputed, then it must be determined by inference, grounded on legal principles, one of which is that the Legislature must have entertained some intention, and the interpretation must determine what it was, unless it be that the statute lacks the formality needed in order to give it the effect of law. It is the true sense of the form of words which are used, which is to be discovered by the interpretation or construction of the statute, taking all of its parts into consideration and if fairly possible giving them all effect. Speaking more concretely, when the intention can be ascertained with reasonable certainty, words may be altered or supplied in the statute so as to give it effect and avoid any repugnancy or inconsistency with such intention."

Sec. 7105 (5006) provides that "Any crime punishable by death or imprisonment in the State Prison is a felony and no other crime shall be so considered. Every other offense is a misdemeanor."

In the Constitution Sec. 25, Art. XVI, appears the following provision: "The term felony whenever it may occur in this Constitution or in the laws of this State, shall be construed to mean any criminal offense punishable with death or imprisonment in the State Penitentiary."

If, therefore, the absence of the words, "imprisonment for," from the above quoted provision of the Act, restricts the penalty for its violation to a fine, the offense denounced is a misdemeanor, though in the very words of the penalty clause it is termed a felony, thus producing an obvious contradiction if not an absurd conclusion. There is a

strong presumption against absurdity in a statutory provision, it being unreasonable to suppose that the Legislature intended their own stultification, so when the language used is susceptible of two senses, the sense will be adopted which will not lead to absurd consequences. Considering then the Act as a whole and all of its language, it can not be successfully contended that the intent and purpose of the Legislature was to punish the violation of its provisions by a fine only, thus making the offense a misdemeanor, contrary to the expressed intent of the Act.

The only remaining alternatives are either to hold the entire statute invalid for the indefiniteness of its penal provision or to give it life and effect by ascertaining and enforcing the intent and purpose of the Legislature in enacting it, if this can be done with reasonable certainty from a consideration of its language and the purpose to be accomplished within constitutional limitations.

To hold that the statute is invalid requires us to decide that its penal clause is so uncertain that the Court is unable to determine what the Legislature intended or is so incomplete that it cannot be executed.

It is a familiar rule of statutory construction, that in the interpretation of a statute, that construction of the language employed is to be adopted if possible which will sustain the validity of a statute, in accordance with the maxim *ut res magis valeat quam pereat.* Under this rule the courts will correct evident mistakes and supply evident omissions, to prevent a law from becoming a nullity.

If the constitutional definition of a felony, Sec. 25, Art. XVI, be substituted in Section 2 of the Act instead of the word "felony" appearing therein, the section would read as follows: Any person or persons guilty of violating the provisions of Section 1 of this Act shall be deemed guilty of a "criminal offense punishable with death or imprison-

ment in the State Penitentiary," and upon conviction thereof shall be fined not more than Ten Thousand ($10,000.00) Dollars and ten years in the State Penitentiary.

The express language used in this section, if sufficient to constitute the offense a felony, limits the punishment of its violation to imprisonment in the State Penitentiary as distinguished from the punishment of death. Therefore, from the very words used, it seems obvious that the intent of the Legislature, in denominating the offense as a *felony,* was to prescribe the punishment for its violation by imprisonment in the State Penitentiary in addition to a fine.

To supply the words "imprisonment for" before the words "ten years in the State Penitentiary," is merely to supply words obviously intended to be used but inadvertently or accidentally omitted in transcribing the Bill in the Legislature, and for this there is ample precedent.

The intention of the Legislature being apparent and easily gathered from the context of the Act, the question then arises, what is the duty of the court in the premises?

It has been stated by an eminent law writer that "legislative enactments are not more than any other writings to be defeated on account of mistakes, errors or omissions, provided the intention of the Legislature can be gathered from the whole statute. When one word has been erroneously used for another, or a word omitted, and the context affords the means of correction, the proper word will be deemed substituted or supplied. This is but making the strict letter of the statute yield to the obvious intent." 2 Sutherland Stat. Const. Sec. 410.

In 59 C. J. 992, in the discussion of the construction and operation of statutes, citing a large number of cases, it is stated: "Where it appears from the context that certain words have been inadvertently omitted from a statute, the court may supply such words as are necessary to

complete the sense and to express the legislative intent, but it cannot supply words purposely omitted and should supply an omission only when the omission is palpable and the omitted word plainly indicated by the context; and words will not be added except when necessary to make the statute conform to the obvious intent of the Legislature, or to prevent the Act from being absurd; and where the legislative intent cannot be accurately determined because of the omission, the court cannot add words to express what might or might not be intended."

See also Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. where the word "by" was supplied in an Act providing that "all suits against" certain corporations may be brought in proper courts, thus enabling such suits to be brought by such corporations, the court in supplying the word "by" saying: "The omission was doubtless accidental."

From an inspection of Section 2 of the Act under consideration, the omission of the words "imprisonment for" was doubtless accidental, and supplying them merely gives effect to that intent which is ascertainable with reasonable certainty from the express words of the Act and thereby obviates repugnancy and inconsistency.

To go further and add the words "not more than" before the words "ten years in the State Penitentiary," enters the realm of probability, and not that of reasonable certainty based upon the express language of the Act itself; but as stated in U. S. v. Wiltberger, 5 Wheat. 76, 5 L. Ed 37, "Probability is not a guide which a court, in construing a penal statute, may safely take," for in construing a statute the intention of the Legislature is to be ascertained from the words employed to express such intent, and in the stated Act there are no words which authorize the addition of the words "not more than."

The rule that penal laws are to be construed strictly is

as old perhaps as the construction of laws itself, yet it is to be applied in connection with the modification of this ancient maxim that penal laws are to be construed strictly, they are not to be construed so strictly as to defeat the obvious intention of the Legislature. U. S. v. Wiltberger, *supra*.

In this case, cited by counsel in behalf of petitioner, it was held that the statutory words "On the high seas" did not include a "river" within the jurisdiction of a foreign sovereign, and in Fine v. Moran, 74 Fla. 417, 77 So. 553, it was properly held that the words "section one" could not be interpreted or held to mean "Sections two and five."

The further contention is made that the judgment and sentence is void in that the term of imprisonment imposed is for a shorter term than the law prescribes for the offense for which petitioner was convicted. Conceding for the purpose of this case that such sentence was erroneous, yet it was not void and affords no ground for discharge on habeas corpus. *In re:* Reed, 143 Cal. 634; 101 A. S. R. 138. State v. Klock, 48 La. Ann. 18 So. 957, 55 A. S. R. 259; 29 C. J. 61.

Neither can petitioner successfully complain and invoke the remedy of habeas corpus because of the failure of the trial court to impose a fine, and as he has not served the term of imprisonment to which he was sentenced, he is not now in a position to ask for a discharge from that portion of the sentence providing that "upon failure to pay costs an additional six months' sentence is imposed."

The petitioner should be remanded.

WHITFIELD, TERRELL, BROWN, J. J., M. G. ROWE, Circuit Judge, concur.

ELLIS and BUFORD, J. J., dissent.

DAVIS, C. J., disqualified.