O’CONNELL, Justice.
Appellant here was plaintiff in the court below, appellees were defendants below. In this opinion the parties will be referred to as plaintiff and defendants. Plaintiff sought a declaratory decree to construe his rights under the provisions of Chapter 28150, Laws of Florida, Acts of 1953, now Chapter 465, F.S.1953, F.S.A. and in particular the provisions of Section 465.071 of said Chapter.
It was stipulated between the parties, for the purpose of this appeal only, that the plaintiff possessed the requirements of the statute as to age, citizenship and good moral character; that plaintiff had 25 years actual experience in drug and pharmaceutical work; that plaintiff had been employed as an apprentice to a registered pharmacist in a retail drug store subsequent to his 16th birthday and that he has *806 engaged in the compounding of prescriptions and the sale of drugs, etc., for more than 2,080 hours as required by the statute, but that none of such experience was had after receipt of a degree from a school or college of pharmacy. Plaintiff admitted he did not have the educational qualifications prescribed in subparagraph (b), Subsection 1, of Section 465.071, supra.
The pertinent section of the statute is copied here in its entirety:
“465.071 Qualifications of applicants for examination
“(1) The board of pharmacy shall examine by written and practical laboratory examinations under such rules and regulations as the board may prescribe, every person who shall have:
“(a) applied for examination and registration in accordance with sec. 465.061, and shall have paid the fee required by said section, and
“(b) submitted proof satisfactory to the board that he is not less than twenty-one years of age, a citizen of the United States, of good moral character, and he is a recipient of a degree from a school or college of pharmacy financially supported by the . state of Florida or from a school or college of pharmacy in the United States or any of its territories or possessions including the District of Columbia, which school or college of pharmacy required the applicant to complete not less than four academic years of higher educational training consisting of not less than three thousand hours of instruction in cultural, foundation, and professional courses for the degree in pharmacy and which courses and school or college of pharmacy have been found by the Florida board of pharmacy to satisfactorily supply the cultural, foundation, and professional education necessary in training a pharmacist for the protection of public health.
“(c) submitted proof satisfactory to the board that he has been employed, subsequent to his sixteenth birthday, as an apprentice to a registered pharmacist, in a retail drug store or in the pharmacy of a hospital with an outpatient department, and while so employed was engaged in the compounding of prescriptions and the sale and distribution of drugs and medical supplies, for a total of not less than two thousand and eighty hours of which not less than one thousand and forty hours occurred ¡ífter such applicant was granted his degree from said school of pharmacy or college of pharmacy, and
“(d) shall have met such additional requirements as to age, education, experience and moral character as the board may have prescribed;1 ' for the purpose of carrying into effect the provision of this section.
“(2) The board may permit an applicant, who has satisfied all requirements of subsection (1) and of the board except those relating to age or experience, to take such written examinations as may be given by the board, but no applicant shall be allowed to take a practical laboratory examination until such applicant has satisfied all- the requirements of subsection (1) and of the board and the successful passing of the written examination shall confer no rights or privileges upon the applicant in connection with the practice of pharmacy in this state. Laws 1953, c. 28150, § 1.”
The plaintiff contends that the provisions of subparagraphs (b), (c), and (d) of Subsection (1) of the above quoted statute should be construed as being alternative rather than cumulative when applied to an applicant who does not possess the educational qualifications contained in subparagraph (b) thereof. He relies principally on the fact that a period was placed at the end of the content of said subpara-graph (b).
This court has said that the legislature is presumed to know the meaning of words and the rules of grammar and that the *807 court must derive the intention of the legislature from what it said, not only from considering the phraseology of an act, but also the manner in which it is punctuated. Florida State Racing Commission v. Bourquardez, Fla., 42 So.2d 87.
The case cited, howpver, involved pri-. marily the use of words rather than punctuation. In fact an examination of that opinion of this Court fail's to show how the matter of punctuation was involved. In 50 Am.Jur., Statutes, Section 253, page 249, it is stated:
“In the interpretation of statutes, the punctuation thereof is not seriously regarded. It is a minor, and not a decisive or controlling element in the interpretation of a statute. Indeed, punctuation is generally regarded as a fallible standard of the meaning of a statute, and the last resort as an aid in its interpretation. Where the true meaning of the legislature is manifest, the courts will not permit punctuation to control, but will disregard the punctuation of a statute or repunctuate, if need be, to give effect to what otherwise appears to .be its .true meaning. * * *”
It is conceded that there are cases where the punctuation of a statute should be considered as an aid in interpreting doubtful provisions. It- is also true that courts ' should not give to the statute a meaning different from that indicated by the punctuation unless as punctuated the statute is inconsistent, absurd, or ambiguous. 50 Am.Jur., supra, page 250. We believe that this is a case where this Court is warranted in giving the statute a meaning. different than that indicated by the punctuation. - .
To adopt plaintiff’s view that the period placed after subparagraph (b) makes the provisions of section 465.071 • alternative rather than cumulative would thwart the clear intent of the legislature in enacting the statute in question. Plaintiff contends that if the provisions were in the alternative, orié could qualify under subparagraph (c) by obtaining the required hours of experience under a registered pharmacist, plus meeting such additional requirements as to age, education, and experience as the board may prescribe [subparagraph (d) ]. Plaintiff relies on the placing of a period after subparagraph (b) for this contention but he also relies on addition of the words “if he received such a degree” following the words “after such applicant was granted his degree from said school of pharmacy or college of pharmacy”. The former words do not appear in the statute but without them subpara-graph (c) would be meaningless if plaintiff’s view was followed. To interpret subparagraph (c) as being cumulative to (a) and (b) gives (c) a logical meaning. To interpret the period after (b) as disallowing the cumulative connection renders (c) so absurd or ambiguous as to authorize the Court to give the statute a meaning inconsistent with that indicated by the punctuation by changing, in effect, such punctuation.
Even- if plaintiff’s interpretation of the legislative meaning of subparagraph (c) was correct in that the words “if he received such a degree” were necessarily incorporated therein, subparagraph (d) must necessarily follow as a cumulative requirement to subparagraph (c), otherwise one could qualify under the statute solely by having one year’s experience (2,080 hours is equivalent to fifty-two forty hour weeks) as an apprentice under a registered pharmacist. Certainly, this was not the intent of the Legislature. But an examination of subparagraph (d) reveals that it applies to “this section”. This clearly means subparagraph (d) applies to section 465.071 in its entirety, not just to one subparagraph of such section. Furthermore, under (d) the Board merely has the power to set additional requirements “for the purpose of carrying into effect the provision of this section”.
We believe it was the intention of the Legislature, in spite of the placing of a period after subparagraph (b), to make' the provisions of section 465.071 cumulative rather than alternative and that it is nec- ■ *808 essary for a candidate for examination by the Board of Pharmacy to have both a degree of pharmacy from a qualified school and also the required number of hours of experience. This interpretation is logical and would appear to better protect the public interest than the interpretation sought by the plaintiff.
The decree appealed from is affirmed.
DREW, C. J., and THOMAS and ROBERTS, JJ., concur.