Nevin Smith Secretary Department of Administration Tallahassee
QUESTION:
Does the cost-of-living adjustment specified in s. 112.362(5)(a), F. S. (1978 Supp.), as amended by s. 6, Ch. 79-377, Laws of Florida, apply to the new minimum monthly benefit amounts ($9.50 and $14.50) set in s. 112.362(1)(a) and (4)(a), 1978 Supp., as amended by the same act on July 1, 1979?
SUMMARY:
The Legislature intended both the new minimum monthly benefit amounts in s. 112.362(1)(a) and (4)(a), F. S., and the cost-of-living adjustment in s. 112.362(5)(a), to take effect on July 1, 1979. That is, as of July 1, 1979, benefits are to be recomputed by applying the cost-of-living factor or multiplier in s. 112.362(5)(a) to the new monthly benefit amounts in s.112.362(1)(a) and (4)(a) as set out in Ch. 79-377, Laws of Florida.
Your question is answered in the affirmative.
Section 112.362, F. S. (1978 Supp.), pertains to retirement benefits payable to certain members of state-supported retirement systems who have already retired and provides for recomputation of those members' benefits. In 1978, by Ch. 78-364, Laws of Florida, the minimum monthly benefit amounts (the amounts which are multiplied by the total number of years of creditable service) payable under s. 112.362(1)(a) and (4)(a), F. S., were raised, effective July 1, 1978, from $8.00 to $8.50, and from $10.00 to $12.50, respectively. By that same act, s. 112.362(5)(a), F. S. (1978 Supp.), was added to provide:
 Effective July 1, 1979, the dollar factors (i.e. $8.50, $10.50, or $12.50) used in determining the minimum benefits provided by this section shall be adjusted by an amount derived by multiplying said dollar factors by the percentage change in the average cost-of-living index since the previous July 1, not to exceed 3 percent. Each July 1 thereafter, the adjusted dollar factors used in determining the minimum benefits provided by this section shall continue to be adjusted by an amount derived by multiplying the current adjusted dollar factors by the percentage change in the average cost-of-living index since the previous July 1, not to exceed 3 percent for any annual adjustment. (Emphasis supplied.)
Thus, even without any additional legislation during the 1979 Session, the cost-of-living adjustment in s. 112.362(5)(a) was to have been applied, as of July 1, 1979, to the minimum monthly benefit amounts which had taken effect on July 1, 1978 by operation of Ch. 78-364, Laws of Florida.
However, during the 1979 Session of the Legislature, Ch. 79-377, Laws of Florida, was enacted, amending s. 112.362(1)(a), (4)(a), and (5)(a), F. S. (1978 Supp.). The amendment to s. 112.362(1)(a) increased the minimum monthly benefit payable thereunder from $8.50 to $9.50, effective July 1, 1979; and the amendment to s.112.362(4)(a) increased the minimum monthly benefit payable thereunder from $12.50 to $14.50, effective July 1, 1979. The amendment to s. 112.362(5)(a) reflected these increased benefit amounts under s. 112.362(1)(a) and (4)(a) as follows:
 Effective July 1, 1979, the dollar factors (i.e. $9.50, $10.50, or $14.50) used in determining the minimum benefits provided by this section shall be adjusted by an amount derived by multiplying said dollar factors by the percentage change in the average cost-of-living index since the previous July 1, not to exceed 3 percent. Each July 1 thereafter, the adjusted dollar factors used in determining the minimum benefits provided by this section shall continue to be adjusted by an amount derived by multiplying the current adjusted dollar factors by the percentage change in the average cost-of-living index since the previous July 1, not to exceed 3 percent for any annual adjustment.
When s. 112.362(1)(a), (4)(a), and (5)(a), as amended by Ch. 79-377, Laws of Florida, are read together, it seems clear that the cost-of-living percentage adjustment provided for in s.112.362(5)(a) — assuming an increase in the cost-of-living index in fact occurred during the preceding year — is to be applied, effective July 1, 1979, to the new minimum monthly benefit amounts specified in s. 112.362(1)(a) and (4)(a).
It would certainly have been an easy matter for the Legislature to have delayed for a year the applicability of the cost-of-living adjustment (as was done in Ch. 78-364, Laws of Florida). However, the July 1, 1979, effective date for s. 112.362(5)(a), as set in Ch. 78-364, was not amended. The fact that Ch. 79-377, Laws of Florida, did amend s. 112.362(5)(a) to reflect the increased amounts in s. 112.362(1)(a) and (4)(a) indicates that the Legislature was well aware of the contents of s. 112.362(5)(a) and that it would have amended it further had that been its intention. It is fundamental that the Legislature, in enacting legislation, is presumed to be aware of existing law on the same subject matter. Woodgate Develop. v. Hamilton Inv. Trust, 351 So.2d 14, 16
(Fla. 1977); Dickinson v. Davis, 224 So.2d 262, 264 (Fla. 1969); and Collins Investment Co. v. Metropolitan Dade County,164 So.2d 806 (Fla. 1964). It is also fundamental that, when a statute is clear on its face and will not bring about an illogical result, its intent is to be given effect without resort to rules of statutory construction. Ross v. Gore, 48 So.2d 412, 415 (Fla. 1950); American Bakeries Co. v. Haines City, 180 So. 524, 532
(Fla. 1938); and A. R. Douglass, Inc. v. McRainey, 137 So. 157
(Fla. 1931). When the statute's intent can be clearly deduced from its language, that intent, so deduced, is the law and must be given effect. Pillans Smith Co. v. Lowe, 157 So. 649, 650 (Fla. 1934), and Haworth v. Chapman, 152 So. 663, 664 (Fla. 1933).
Applying these principles to the plain language of Ch. 79-377, Laws of Florida, I must conclude that the Legislature intended both the new minimum monthly benefit amounts in s. 112.362(1)(a) and (4)(a), and the cost-of-living adjustment in s. 112.362(5)(a), to take effect on July 1, 1979. That is, as of July 1, 1979, benefits are to be recomputed by applying the cost-of-living factor or multiplier in s. 112.362(5)(a) to the new monthly benefit amounts in s. 112.362(1)(a) and (4)(a) as set in Ch. 79-377.
Prepared by:
Jerald S. Price Assistant Attorney General