THE INHABITANTS OF THE TOWNSHIP OF ORVIL, IN THE COUNTY OF BERGEN, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF WOODCLIFF.

1. A statute which imposes upon a borough a proportionate part of the liabilities of a township from which it has been set off, and assigns to it a proportionate part of the assets of such township, is valid, although not passed until after the formation of the borough.

2. In construing statutes it is an invariable rule that words should never be supplied or altered unless to effect a meaning clearly shown by the other parts of the act.

On contract. Case certified from the Bergen Circuit Court.

Argued at June Term, 1897, before MAGIE, CHIEF JUS- TICE, and Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiff, *Jacob W. De Yoe.*

For the defendant, *Miller & Meyers* and *Luther Shafer.*

The opinion of the court was delivered by

GUMMERE, J. The borough of Woodcliff became incorpo- rated about the 28th day of August, 1894, under the act for the formation of borough governments, approved April 5th, 1878, and the several supplements thereto. It includes within its boundaries a portion of the township of Orvil, in the county of Bergen, and a portion of the township of Wash- ington, in the same county. Prior to the time of the incor- poration of the borough the township of Orvil had become indebted in the sum of $30,000 for moneys expended in macadamizing a portion of the roads within its territory, and had issued bonds to secure the same. None of these roads, however, were in that part of the township which is now within the limits of the borough. At the time of the forma- tion of the borough no legislation existed for apportioning to it its share of the assets and liabilities of the township. On April 16th, 1896, however, a statute was passed, entitled "An act to provide for the division of the assets and liabilities of townships between such townships and any borough or boroughs set off from the same," the first section of which provided that "where any borough has been heretofore or shall be hereafter set off from any township in this state, the town- ship committee of such township and the mayor and council of such borough shall have the power, and it shall be their duty, by agreement to make division between such borough and such township of all the property of such township, in-

cluding moneys and assets on hand, and due or to become due to said township, and to make an equitable apportionment of the indebtedness and liabilities of such township." Under the provisions of this act proceedings were taken to make division of the assets and liabilities of the township of Orvil between it and the borough of Woodcliff, with the result that there·was apportioned to the borough as its share of the above-mentioned indebtedness the sum of $509.85, and, upon the refusal of the borough authorities to pay to the township the first installment of said amount when it fell due, this suit was brought for its collection.

The first ground upon which the borough resists the collection of the moneys claimed to be due from it to the township is that, as no legal liability rested upon it when first it became incorporated to pay any portion of the indebtedness which had previously been incurred by the township, no such liability could be subsequently imposed upon it by the legislature, and that the act of April 16th, 1896, so far as it attempted to do so, was unconstitutional.

Although this contention has the support of a number of adjudicated cases, of which *Hampshire* v. *Franklin*, 16 *Mass.* 76, and *Bowdoinham* v. *Richmond*, 6 *Greenl.* 112, are examples, it seems to me that it cannot be supported on principle, as "it is inconsistent with the necessary supremacy of the legislature over all its corporate and unincorporate bodies, divisions and parts."   1 *Dill. Mun. Corp. (4th ed.),* § 189.

We are told that the constitutional provision which legislation of this kind violates is that which prohibits the passage of any law impairing the obligation of contracts, but it seems quite plain that this law is not objectionable for that reason. As was said by Mr. Justice Clifford in *Laramie* v. *Albany,* 92 *U. S.* 307, a case where the question under consideration was somewhat similar to that in the case now before us: "Institutions of this kind [municipal corporations] are the auxiliaries of the state in the important business of municipal rule and cannot have the least pretension to sustain their privileges or their existence upon anything like a contract

between them and the legislature of the state, because there is not, and cannot be, any reciprocity of stipulation, and their objects and duties are utterly incompatible with everything in the nature of a compact."

Moreover, the power of the legislature to pass laws of this character, retroactive in their operation, has already been affirmed by this court. In the case of *Rader* v. *Township of Union,* 10 *Vroom* 509, the legislature had incorporated a road district out of a portion of the township and authorized it to lay out and to improve streets within its limits. After it had incurred a large indebtedness in carrying out the purposes for which it had been created, the legislature repealed the act which brought it into being, but provided in the repealer that its debts should be charged upon and paid by the township at large.

It was held that this was a valid exercise of legislative power.

It is argued that the case before us differs from that cited in that in Rader *v.* Township of Union it was considered that there existed a moral obligation on the part of the township to pay the debts of the road district arising out of the benefit received by the township at large from the work done and improvements made by the road district, and that this moral obligation was merely turned into a legal one by the action of the legislature, while in the present case (as we are told) no moral obligation rested upon the defendant, prior to the passage of the act of 1896, to pay any portion of the indebtedness which had been incurred by the plaintiff in the macadamizing of its roads. I cannot agree to this view. When the township made these improvements to certain of its roads it did so not only for the benefit of those of its inhabitants who rented or owned property in the immediate neighborhood of such roads, but for the benefit of the township as a whole, and all the taxable property therein, as well that which is now included within the limits of the borough of Woodcliff as that which remains in the township of Orvil, was subjected to liability for the payment of the liability in-

curred. The separation of the borough of Woodcliff from the township did not operate in any degree to deprive those of the inhabitants of the borough who were formerly citizens of the township of the benefits of these improvements, nor did it deprive that portion of the territory of the township which is now included in the borough of those benefits. Consequently, although that separation relieved the borough from any legal liability to pay for its share of those benefits, its moral obligation to do so still remained. That being so, the right of the legislature to subsequently impose upon it the burthen of paying its proportionate part of this indebtedness would seem to be manifest.

The second ground upon which the defendant bases its refusal to pay the plaintiffs' demand is more unyielding. The act of April 16th, 1896, after providing the method by which a division and apportionment of the assets and liabilities of the township shall be made, declares that " no such division and apportionment shall be valid unless the same shall be approved by a majority either of the said township or of the said mayor and council " (of the borough). It appears that in the present case the division and apportionment of assets and liabilities were approved, not by a majority either of the township, or of the mayor and council of the borough, but by a majority of the township committee of the township of Orvil. This, it is insisted on behalf of the defendant, was not a compliance with the statutory requirement, and consequently did not validate the division and apportionment. On the other hand it is argued for the plaintiffs that from a reading of the context it is clear that the legislature intended by the provision recited that a majority of the township committee, and not of the inhabitants of the township, should approve the division and apportionment; and we are asked to insert the word " committee," after township, in construing the law, in order to give effect to that intent.

The invariable rule in the construction of statutes is that words should never be supplied or changed unless to effect a meaning clearly shown by the other parts of the statute.

*Lane* v. *Schomp*, 5 *C. E. Gr.* 82. Although it seems probable from an examination of the other parts of this act that the legislature intended to confer the power of approval upon the governing body of the township rather than on the township itself, we cannot say that such intent appears beyond doubt. Not to be able to do this is fatal to the claim of the plaintiffs, for the injection of the word "committee" into the statute, under such circumstances, would be an act of legislation rather than of construction.

The division and apportionment of the assets and liabilities of the township between the plaintiffs and the defendant not having been approved in the manner provided by the statute, are invalid; and, being so, the plaintiffs cannot successfully maintain an action against the defendant for the recovery of so much of the township's liabilities as was apportioned to it.

The Circuit Court of Bergen county should be advised accordingly.