JAMES HEROD, PROSECUTOR, v. MUTUAL CHEMICAL COMPANY OF AMERICA, RESPONDENT.

Argued May 9, 1935—Decided August 12, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *John J. Meehan.*

For the respondent, *Robert Carey* and *Harry Lane.*

The opinion of the court was delivered by

CASE, J. James Herod, on September 14th, 1932, filed his petition with the workmen's compensation bureau seeking compensation for incapacity alleged to be due to chrome poisoning, an occupational disease. He was last exposed to the poisoning on August 11th, 1930. On the employer's motion, Charles E. Corbin, deputy commissioner, dismissed the petition for the reason that the same was not filed within one year from the last exposure. Judge Erwin, in the Hud-

son County Common Pleas, on appeal, affirmed that judgment. This is the return of a rule to show cause why a writ of *certiorari* should not go to Herod to review the judgment in the pleas.

When the Workmen's Compensation act was passed in 1911 (*Pamph. L.* 1911, *ch.* 95; 2 *Cum. Supp. Comp. Stat.* 1911-1925, *p.* 3868, § .**236-1, 16, 20, 25, 32, 34), provision was made only for compensation for personal injuries arising from an accident in the ordinary sense of that term. In 1924 the legislature (*Pamph. L.* 1924, *ch.* 124) supplemented the Workmen's Compensation act by adding certain sections designated 22 (a) to 22 (f), inclusive, whereby named occupational diseases, including chrome poisoning, were declared to be compensable. Section 22 (e) follows (2 *Cum. Supp. Comp. Stat.* 1911-1925, § **236-26, 27, 28, 29, 30, 31) :

"All claims for compensation for compensable occupational disease shall be forever barred unless a petition is filed in duplicate with the secretary of the workmen's compensation bureau, at the state house in Trenton, within one year after date on which the employe ceased to be exposed in the course of employment with the employer to such occupational disease as hereinabove defined, or in case an agreement of compensation for compensable occupational disease has been made between such employer and such claimant, then within one year after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by such employer, then within one year after the last payment of compensation."

Some mind should be paid to this section because the legislature chose to add that paragraph to the provisions regarding occupational disease, and thereby conspicuously indicated its intention to deal with the limitation of claims for occupational disease separately from the limitation of claims arising out of injuries. Section 23 (h) (2 *Cum. Supp. Comp. Stat. p.* 3886, § **236-32, subsection 23 (h) dealt with the latter class of cases and provided as follows :

"In case of personal injury or death all claims for compensation on account thereof shall be forever barred unless

a petition is filed in duplicate with the secretary of the workmen's compensation bureau, at the state house, in Trenton, within one year after the date on which the accident occurred, or in case an agreement of compensation has been made between such employer and such claimant, then within one year after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by such employer, then within one year after the last payment of compensation."

Thus there were two distinct paragraphs in bar of claims, section 22 (e) (2 *Cum. Supp. Comp. Stat.* 1911-1925, *p.* 3884, § **236-30, subsection 22 (e) relating to compensable diseases and section 23 (h) (*supra*), relating to personal injuries in the usual sense of that expression. By an enactment (*Pamph. L.* 1924, *ch.* 187; 2 *Cum. Supp. Comp. Stat.* 1911-1925, *p.* 3905, § **236-94) later than either of those mentioned above the legislature required employers to make certain reports of accidents and of compensable occupational diseases to the workmen's compensation bureau and to the insurance carrier of the respective employer. As a penalty for failure to make one of the designated reports the statute (*Pamph. L.* 1924, *ch.* 187; 2 *Cum. Supp. Comp. Stat.* 1911-1925, *p.* 3906, § **236-99) provided in section 6 that:

"Any corporation, firm, person or insurance company failing to comply with the terms of this act, shall, for each offense, be liable to a fine of not less than ten nor more than fifty dollars, the amount thereof to be determined by and paid to the commissioner of labor upon demand. * * * Any employer or insurance carrier failing to make report as required by this act, shall in such instance be deprived of the defense provided in paragraph 23 (h) of the Workmen's Compensation act, approved April fourth, one thousand nine hundred and eleven, as chapter 95, as amended by chapter 93, laws of 1919. * * *"

It will be observed that the penalty of a fine applies generally to any dereliction but that the only defense barred, in penalty, is that set up in paragraph 23 (h), *supra,* of the Workmen's Compensation act.

The prosecutor argues, as he argued before the two lower tribunals, that logic and fairness require that the penalty barring a defense should be extended to claims for occupational diseases, and that as the employer made no report of the disease it cannot plead the defense of limitation; but those tribunals felt, and we feel, that to accede to that argument would be to contravene the very plain and by no means absurd expression of the statute. The relief sought by prosecutor is in effect that we should amend chapter 187, laws of 1924 (*supra*), by continuing the sentence last above quoted in this wise:

"* * * , and shall further be deprived of the defense provided in paragraph 22 (e) of the Workmen's Compensation act, approved April fourth, one thousand nine hundred and eleven, as supplemented by chapter 124, laws of 1924."

Courts and tribunals in the nature of courts have no such power. That is a legislative function. When the words of a statute are clear and their meaning and application plain, sensible and substantial, there is no room for judicial construction. *McGowan* v. *Metropolitan Life Insurance Co.*, 60 *N. J. L.* 198; *Douglass* v. *Board of Chosen Freeholders of Essex*, 38 *Id.* 214.

We can do little better in demonstrating the futility of prosecutor's argument than to repeat a portion of the deputy commissioner's findings:

"The result necessarily follows that the motion to dismiss the petition must be granted. This conclusion is further strengthened by the different language used in the two sections. Section 22 (e) (*supra*) provides that the claim for compensable occupational disease shall be barred unless a petition is filed within one year after date on which the employe ceased to be exposed to such occupational disease, whereas section 23 (h) (*supra*) provides that claim for personal injury or death resulting from accident shall be forever barred unless a petition is filed within one year after the date on which the accident occurred. The inconsistency is apparent. It may be that the legislature intended in occupational diseases to let the defense of the statute of limitations remain

even though the report was not filed because of the difficulty of determining when an employe has an occupational disease. The date of the occurrence of an accident is definite as a general rule. The date when an occupational disease is incurred is indefinite. Therefore, one year from the date of the last exposure to the occupational disease is fixed as a practical matter and that bar is not lifted by chapter 187 of the laws of 1924, paragraph 6 (*supra*). In short there may be good reason for the enactment of paragraph 6 of chapter 187 as it now appears, but whether there is or not, it certainly does not deprive the employer of the defense given by section 22 (e)" (*supra*).

The law seems clear and the writ will be denied, with costs.