476

New Jersey Department of Labor,
Workmen's Compensation Bureau.

OTTILIE TONSING, DEPENDENT OF AUGUST TONSING, DECEASED, PETITIONER, v. FORD MOTOR COMPANY, A CORPORATION OF THE STATE OF DELAWARE, LICENSED BY THE STATE OF NEW JERSEY TO DO BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT (RESPONDENT).

Decided May 12, 1936.

For the petitioner, *Reuben W. Massarsky.*

For the respondent, *McCarter & English.*

\*　　\*　　\*　　\*　　\*　　\*　　\*

1. The petition filed herein was filed at Trenton on March 16th, 1936, and alleges that the decedent died on April 16th, 1935, as a result of tuberculosis brought about by exposure to benzol.

2. The last date of exposure, as alleged in the petition, was October 13th, 1932, at which time the decedent left the employ of the respondent, Ford Motor Company.

3. Section 22 (e) of chapter 124 of the laws of 1924 (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3883, § \*\*236-26) specifically provides:

"All claims for compensation for compensable occupational disease shall be forever barred unless a petition is filed in duplicate with the secretary of the Workmen's Compensation Bureau, at the State House in Trenton, within one year after date on which the employe ceased to be exposed in the course

of employment with the employer to such occupational disease as hereinabove defined, or in case an agreement of compesation for compensable occupational disease has been made between such employer and such claimant, then within one year after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by such employer, then within one year after the last payment of compensation."

In *Herod* v. *Mutual Chemical Company of America,* 115 *N. J. L.* 369; 180 *Atl. Rep.* 432, the Supreme Court said:

"We can do little better in demonstrating the futility of prosecutor's argument than to repeat a portion of the deputy commissioner's findings:

"The result necessarily follows that the motion to dismiss the petition must be granted. This conclusion is further strengthened by the different language used in the two sections. Section 22 (e) (*supra*), provides that the claim for compensable occupational disease shall be barred unless a petition is filed within one year after date on which the employe ceased to be exposed to such occupational disease, whereas section 23 (h) (*supra*) provides that claim for personal injury or death resulting from accident shall be forever barred unless a petition is filed within one year after the date on which the accident occurred. The inconsistency is apparent. It may be that the legislature intended in occupational diseases to let the defense of the statute of limitations remain even though the report was not filed because of the difficulty of determining when an employe has an occupational disease. The date of the occurrence of an accident is definite as a general rule. The date when an occupational disease is incurred is indefinite. Therefore, one year from the date of the last exposure to the occupational disease is fixed as a practical matter and that bar is not lifted by chapter 187 of the laws of 1924, paragraph 6 (*supra*). In short there may be good reason for the enactment of paragraph 6 of chapter 187 as it now appears, but whether there is or not, it certainly does not deprive the employer of the defense given by section 22 (e) (*supra*)."

In view of the premises aforesaid, I find that the petition filed herein was not filed as provided by section 22 (e) aforesaid and it is my opinion that the bureau is without jurisdiction and that the petition filed herein should be dismissed.

It is, therefore, on this 12th day of May, 1936, adjudicated and ordered that the petition filed herein be and the same is hereby dismissed.

JOHN C. WEGNER,
*Referee.*