ESSEX COUNTY COURT OF COMMON PLEAS.

CATHERINE LYNN, PETITIONER-APPELLANT, v. TEXTILE LEATHER, AND GREAT AMERICAN INDEMNITY COMPANY, RESPONDENTS-APPELLEES.

Decided May 15, 1936.

For the petitioner-appellant, *David Roskein.*

For the respondents-appellees, *Autenrieth & Wortendyke* (by *Alfred H. Grimminger*).

HARTSHORNE, C. P. J.   The question here is whether a claim for death due to compensable occupational disease lies under the Workmen's Compensation act, when the petition was filed some six years after the last exposure to the disease, but the employer had not filed a report as required by the Reporting act.   The petitioner-appellant, whose claim was dismissed in the bureau, alleges that her claim does not fall within the requirements of section 22 (e) (*Pamph. L.* 1924, *ch.* 124; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3883, § **236-30), but falls within the provisions of section 23 (h) (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3886, § **236-32 (h) of such act, the limitations referred to in such section not being applicable, if the employer has failed to make reports as required by the Reporting act.   The ground of petitioner's said claim is that a claim for death resulting from occupational disease is entirely different, and governed by different principles, from one for mere personal injury resulting from the same cause.

Section 22 of the act, enacted in 1924 as a supplement to the original act, alone permits recovery for compensable occupational diseases. Subsection (e), *supra,* thereof provides: "*All* claims for compensation for compensable occupational disease" shall be barred, unless a petition is filed within a year after the date of last exposure to the disease. That the legislature meant to include claims for death, as well as others, resulting from compensable occupational disease, seems clear, since, in the immediately preceding subsections (c) and (d) (*Cum. Supp. Comp. Stat.* 1911-1924, § \*\*236-28-29) the legislature spoke of such death claims. Similarly, in the original act, applying to accident cases, the legislature does not set up separate limitations as to accidents resulting in death from those resulting in mere personal injury. Both are covered by section 5 of the Procedural act. *Pamph. L.* 1918, *ch.* 149, as amended by *Pamph. L.* 1921, *ch.* 229; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3890, § \*\*236-46, and *Pamph. L.* 1931, *ch.* 280. This section, in the same way as section 22 (e), *supra,* does not expressly allude to death claims, but calls for the filing of the petition within a certain period by "every claimant for compensation," in the same way as section 22 (e) does as to "all claims for compensation."

Counsel for petitioner-appellant is apparently led astray by the historical accident that the common law did not recognize tort claims causing death, so that these latter had to be created separately by statute. Not so under the Workmen's Compensation act. There a death claim was created in the same way and at the same time as the claim for mere personal injuries, by section 7 of the original act, which gave "compensation for personal injuries to or for the death of such employe," when caused "by accident." *Pamph. L.* 1911, *ch.* 95, § 7; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3870, § \*\*236-7. It is not the death or injury which are the basis of recovery, but the accident itself, the death or injury being mere results. Similarly, when, in 1924, the legislature permitted recovery for compensable occupational diseases, it did not permit recovery for all death or personal injuries occur-

ring during employment, but only when same occurred as a result of compensable occupational diseases. It is the disease which is the criterion, and by the express wording of the statute "all claims" therefor must be made within a year from the time of the last exposure.

Finally, it should be noted that by section 22 (f) (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3884, § **236-31) of the statute, section 23 (h) (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3886, § **236-32 (h), relied on by the petitioner-appellant, applies to her claim only if such section is consistent with section 22 (e). *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3884, § **236-30. The provisions of the 1921 act above alluded to are not so consistent, since such act differs from 22 (e), *supra,* as to the date from which the period starts to run. And the period prescribed by reference under the 1931 act differs, in that it prescribes two years instead of one, as prescribed by section 22 (e), *supra.*

It seems clear then that the petition in question is governed by the provisions of section 22 (e), *supra,* not 23 (h), *supra.* As such, it is settled that the Reporting act does not apply. *Herod* v. *Mutual Chemical Co.,* 115 *N. J. L.* 369; 180 *Atl. Rep.* 432. So that the petitioner, having filed her petition almost five years late, is barred.

The order of the workmen's compensation bureau is affirmed, and a determination may be entered accordingly.