THE BOARD OF EDUCATION OF JERSEY CITY, IN HUDSON COUNTY, PROSECUTOR, v. MARGARET M. WALL AND STATE BOARD OF EDUCATION OF THE STATE OF NEW JERSEY, DEFENDANTS.

Argued January 21, 1938—Decided January 31, 1938.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Aloysius McMahon.*

For Margaret M. Wall, *Quirinus A. Ricciardelli* (*William G. Wall,* of the New York bar).

BODINE, J. This writ brings up for review the action of the state board of education in directing the commissioner of education to direct the Jersey City board of education to assign Miss Margaret M. Wall to duty in its schools and to pay her the salary to which she was entitled for the period beginning February 1st, 1936. Miss Wall possessed a New Jersey state permanent secondary teaching certificate. She was employed by the Jersey City board of education as a teacher of mathematics in the high schools of that city from September, 1931, to January, 1936. Her compensation was fixed at the rate of $8 per day in 1931 and 1932, and thereafter at the rate of $6 per day. She was assigned to the Dickinson High School and taught a mathematic class there continuously for three and a half years. In February of 1935, she was transferred to another school where she taught until January, 1936, when she was informed, by letter, that she would not be assigned to steady employment during the coming year. On February 3d, 1936, presenting herself for assignment, she was refused and brought proceedings to set aside the action of the board of education in dispensing with her services and to compel it to pay her the salary to which she was entitled. The board contended that she had been only a substitute teacher and did not have tenure.

It appears that Jersey City sought to avoid the Teachers' Tenure act (*Rev. Stat.* 1937, 18:13-16) by employing some teachers on a *per diem* basis. The petitioner, like many of the other so-called substitutes, was assigned to a regular position in the same manner as teachers with tenure. The device adopted cannot defeat the purpose of the act, which was designed to give a measure of security to those who served as teachers three consecutive academic years. A mere occasional absence of a teacher by reason of illness or excuse could not disturb this right, and the local board of education cannot evade the statute, notwithstanding the alleged employment by the day if a teacher actually serves for the requisite period of years.

The statute places emphasis upon employment for three consecutive calendar years, or three school years. Judicial

officers in this state from earliest times have been often appointed for a period of years and compensated on a *per diem* basis. They serve for years, though the pay is fixed by the day. Had the proofs not shown continuous employment for the statutory period, the result would have been otherwise.

The findings of the state board of education will be affirmed.